# 95 DTA 94

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I, SAN JUAN, PANEL IV

RUGENIA MAYORAL DE DIAZ,
ANA INES MAYORAL,
OSCAR GARCIA PALACIOS, ETC.
Demandantes-Recurridos

v.

WMS CORP., PROVITA H. etc. WIRSHING Y OTROS
Demandados-Recurrentes

Núm. KLCE-95-00177

San Juan, Puerto Rico, a 5 de junio de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El día 16 de diciembre de 1994 el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una resolución a solicitud de la aquí recurrida Fideicomiso Wirshing Mayoral dirigida a la ejecución de una sentencia dictada previamente por dicha sala, mediante estipulación de las partes de epígrafe. A su vez el tribunal de instancia emitió una orden, sobre designación de un comisionado especial y una segunda orden sobre cese y desista contra la aquí peticionaria W.M.S. Corporation.

No estando conforme la peticionaria W.M.S. Corporation acude ante nosotros mediante el presente recurso de *certiorari*, solicitando que dejemos sin efecto las determinaciones judiciales antes mencionadas.

Recibido el recurso ante nuestra consideración procedimos a emitir una resolución el día 18 de abril de 1995, donde le concedimos a las partes recurridas un plazo de diez (10) días para exponer su posición y que ilustraran al tribunal si la orden emitida contra la peticionaria sobre cese y desista, requería de una vista previa. El 2 de mayo de 1995, emitimos otra resolución donde se le concedió a las partes recurridas Provita Hereter Vda. de Wirshing y Herman Wirshing plazo de diez (10) días a partir de la notificación de la misma, para exponer su posición por habernos informado la peticionaria W.M.S. Corporation, que aunque éstos fueron notificados del recurso, no se incluyó así en la certificación de la petición.

De un análisis de los escritos presentados por las partes se mueve nuestra discreción para expedir el auto de *certiorari* solicitado, confirmando la determinación del tribunal de instancia, por los siguientes fundamentos.

### I

Los hechos que dan motivo al presente recurso son los siguientes. El día 17 de diciembre de 1993, las partes de epígrafe presentaron al tribunal de instancia una moción sobre desistimiento por estipulación de una causa de acción instada el 23 de septiembre de 1991. En la referida moción comparecieron las partes debidamente representadas, con excepción de la codemandada Marta Torres la cual comparecería en una fecha posterior.

Los alcances de la sentencia por estipulación dictada por el tribunal de instancia el día 27 de diciembre de 1993, se resumen de la siguiente manera. Las partes se obligaban a llevar a cabo una mensura y tasación de todas las tierras pertenecientes a la peticionaria W.M.S. Corporation, por medio de un agrimensor y tasador aceptado por ambas partes. Una vez realizada la mensura se designaría un comité compuesto por representantes de las partes para la división de los lotes de terreno para los que interesen la liquidación de sus participaciones. Las acciones de la recurrida Julia Wirshing que alegadamente se extraviaron, serían emitidas nuevamente a nombre del Fideicomiso Wirshing Mayoral, en sustitución de las acciones extraviadas. La liquidación a los accionistas se haría de forma que representara el menor impacto contributivo para éstos y la Corporación.

En la cláusula 7, página 3, determinaron en su estipulación, la cual fue aprobada por el tribunal que *"[L] as partes no se relevan del fiel cumplimiento de los acuerdos aquí estipulados y de surgir alguna reclamación relacionada con los mismos se entablará nuevo pleito por la parte interesada."*

El día 27 de diciembre de 1993, el tribunal de instancia dictó sentencia en la que dispuso; *"[C]onsiderada la estipulación de desistimiento presentada por las partes, la cual se incorpora a la presente, el tribunal, le imparte su aprobación y dicta sentencia conforme a sus términos y condiciones con perjuicio."*

Para el día 19 de mayo de 1994, la parte recurrida Fideicomiso Wirshing Mayoral acudió al tribunal de instancia solicitando la ejecución de la sentencia por motivo de que la peticionaria W.M.S. Corporation no cumplió con los acuerdos estipulados.

Presentados los escritos en oposición, el tribunal de instancia acogió sus planteamientos y emitió una (1) resolución y dos (2) órdenes dirigidas a la ejecución de la sentencia dictada. En la resolución el tribunal de instancia resuelve que tiene jurisdicción para velar por el cumplimiento de la sentencia. En cuanto a las órdenes emitidas una se refiere al nombramiento de un comisionado especial y la forma de pago de honorarios; y la segunda a que la peticionaria W.M.S. Corporation, sus directores y oficiales cesen y desistan de enajenar o disponer de sus bienes inmuebles. De estas determinaciones del tribunal de instancia, acuden ante nosotros la peticionaria W.M.S. Corporation, alegando que la sentencia no podía ser ejecutada ya que por convenio de las partes según la sentencia por estipulación, se tenía que presentar un nuevo pleito por el incumplimiento por una de las partes.

## II

Resolvemos que el tribunal de instancia no incidió al acoger la moción de ejecución de sentencia por los siguientes fundamentos.

Cuando las partes suscriben, una estipulación para finalizar una causa de acción presentada ante los tribunales y dicha estipulación es avalada por el tribunal de instancia, como ocurrió en el presente caso, la estipulación se convierte en un contrato entre las partes, cuyo cumplimiento debe ser conforme a sus términos y condiciones. *Sucn. Román y Shelga Corp.*, 111 D.P.R. 782, 787 (1981).

Sobre los alcances de una transacción el Art. 1714 del Código Civil de Puerto Rico; 31 L.P.R.A. 4862, dispone que *"[C]ada transacción no comprende sino los objetos expresados determinadamente en ella, o que por una inducción necesaria de sus palabras, deban reputarse comprendidos en ella."* (Énfasis suplido).

En el caso ante nuestra consideración las partes convinieron el terminar la causa de acción, mediante la concesión de unos derechos y obligaciones y así se lo solicitaron al tribunal. Las partes no se relevaron del fiel cumplimiento de los acuerdos estipulados y añadieron que de surgir una reclamación relacionada con los mismos se entablaría una nueva causa de acción por la parte interesada. Podemos colegir que se cumplieron con los requisitos para el perfeccionamiento de un contrato de transacción. Primero, existía una causa de acción por la diferencia de criterios de la relación jurídica; Segundo, existía una intención real y verdadera de terminar con la misma; Tercero, que ambas partes hicieron concesiones recíprocas para lograr terminar la controversia. Art. 1709, Código Civil; 31 L.P.R.A. sec. 4821; *Citibank v. Dependable Insurance Co., Inc.*, 121 D.P.R. 503, 512-13 (1988).

El Código Civil de Puerto Rico en su Art. 1233; 31 L.P.R.A. sec. 3471, dispone sobre la interpretación de los contratos lo siguiente: *"[S]i los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes, se estará al sentido literal de sus cláusulas."*

Es norma reconocida por nuestro Tribunal Supremo en el caso *P.R. Glass Corp. v. Tribunal Supremo,* 103 D.P.R. 223, 231 (1975), que un contrato de transacción debe interpretarse de forma liberal y consistente con la intención de las partes. De un análisis de la cláusula 7, pág. 3, de la moción de transacción que fue acogida por el tribunal de instancia en su sentencia, podemos concluir que por su lenguaje claro, sencillo y específico que las partes convinieron que *"[n]o se relevan del fiel cumplimiento de los acuerdos aquí estipulados..."*

De otra parte aunque si bien es cierto que la referida cláusula dispone que de surgir alguna

reclamación que esté relacionada con los acuerdos, *"[S] e entablará nuevo pleito por la parte interesada."* Una cláusula en una estipulación de esta naturaleza, debe ser interpretada de manera que el sentido que se le atribuya sea conforme a la buena fe y a la confianza de las partes al momento de redactarlo. Se debe partir del principio que las partes llegaron a la estipulación con el interés de cumplir lo convenido *"[y] no buscando circunloquios, confusiones deliberadas u oscuridades",* para evadir la responsabilidad contractual. *Negrón Rivera y Bonilla, Ex parte,* 120 D.P.R. 61, (1987)█ Cuando los contratos son claros y no dejan dudas sobre la intención de los contratantes, sus cláusulas deben se interpretadas las unas con las otras, *"[a]tribuyendo a las dudosas el sentido que resulte del conjunto de todas".* Art. 1237 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3475.

Si las partes mediante una transacción judicial ponen fin a un pleito con perjuicio a los fines de evitar mayores gastos, dilaciones y molestias ulteriores, y una de las partes no cumple con lo estipulado, lo que procede es la ejecución de la sentencia según sus términos. *Neca Mortgage Corp. v. A & W Developers,* 7 de febrero de 1995, **95 J.T.S. 10,** pág 598.

En el presente caso la obligación esencial de la parte peticionaria era la de llevar a cabo la mensura y tasación de todas las tierras pertenecientes a W.M.S. Corporation, de manera que se pudiese liquidar la participación de los accionistas. Una vez realizada la mensura y la tasación se tenía que crear un comité compuesto por las partes, para la división de los lotes de terreno, y emitir nuevamente las acciones que alegadamente se le extraviaron a la parte recurrida Fideicomiso Wirshing Mayoral. Es fehaciente el hecho que se convino por las partes el adjudicar previamente los activos de la Corporación y luego proceder a la liquidación de la misma. No hay prueba en autos que establezca que estas obligaciones eran imposibles de cumplir. En ausencia del cumplimiento por parte de la aquí peticionaria de las obligaciones antes mencionadas procede la ejecución de la sentencia por estipulación según sus términos y condiciones.

Conforme los principios de derecho contractual antes esbozados, concluimos que no procede el instar una acción independiente, para ejecutar lo convenido por las partes en la sentencia por estipulación.

En relación a la orden dirigida a la peticionaria W.M.S. Corporation, sus directores y oficiales para que cesen y desistan de vender, enajenar o disponer de bienes inmuebles sin la previa autorización del tribunal de instancia la misma se confirma por ser conforme a derecho. No obstante el tribunal de instancia deberá celebrar vistas con la mayor celeridad posible, en aquellas circunstancias en que se solicite la autorización para vender, enajenar o disponer de los bienes inmuebles de la corporación, según lo estipulado, donde todas las partes afectadas expongan sus posiciones. Una vez celebradas las vistas, el tribunal de instancia podrá tomar las medidas cautelares que procedan en derecho, conforme lo solicitado por las partes a los fines de *"[a]segurar la efectividad de la sentencia." Peña v. Federación de Esgrima de P.R.,* 108 D.P.R. 147, 153-54 (1978).

Por los anteriores fundamentos se expide el *auto de certiorari* solicitado, se confirma la resolución sobre ejecución de sentencia, la orden sobre el nombramiento del comisionado especial y la orden de cese y desista emitida contra la peticionaria W.M.S. Corporation, sus directores y oficiales.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIO 95 DTA 94

**1.** Sobre un análisis abarcador de la interpretación de los contratos véase, L. Diez Picazo, *Fundamentos del Derecho Civil Patrimonial,* Madrid, Ed. Tecnos, 1979, Vol. I Cap. XI, sec. 45 págs. 251-252; citado como autoridad en *Negrón Rivera y Bonilla, Ex parte, supra.*